**IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| COASTAL EQUITIES, INC. | | |
| | Plaintiff, | CIVIL ACTION |
| v. | | Case No: 21-2470 |
| DUDLEY FRANKLIN STEPHENS | | **MEMORANDUM OF LAW** |
| | Defendants. | |

-------------------------------------------------------------------------

### MEMORANDUM OF LAW IN SUPPORT OF COASTAL EQUITIES, INC.'S PETITION TO CONFIRM THE ARBITRATION AWARD

-------------------------------------------------------------------------

Dated: 5-4-21

Michael F.J. Romano, Esquire
Romano, Garubo & Argentieri
Address: 52 Newton Avenue,
Woodbury, NJ 08096
(856) 384-1515

## TABLE OF AUTHORITIES

*Cases*
Ledermann v. Kibrik, 2019 U.S. Dist. LEXIS 100898,
WL 25022069 (S.D.N.Y. June 17, 2019) ....................................................................5

STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d 68,
71, 73-78 (2d Cir. 2011) .............................................................................................2

Wells Fargo Advisors, LLC v. Mercer, 14 Civ. 9279, 2016 WL 110526,
(S.D.N.Y. January 8, 2016)........................................................................................2

Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d, 584, 588 (2d Cir. 2016) ..........5

*Statues*
9 U.S.C. §6...................................................................................................................2

9 U.S.C. §9..............................................................................................................2, 5

9 U.S.C. §13.................................................................................................................2

U.S.C. §1332(a)(1)....................................................................................................1, 2

*Other*
N.Y. Civ. Prac. L. & R. § 7514(a) .............................................................................3

## INTRODUCTION AND PROCEDURAL HISTORY

Plaintiff Coastal Equities, Inc. seeks, pursuant to the Federal Arbitration Act, 9 U.S.C. 9, et seq., an Order (A) confirming the arbitration award in Coastal Equities, Inc. v. Dudley Franklin Stephens; FINRA Dispute Resolution Services, Arbitration No.: 20-01360 (the "Arbitration") and (B) granting judgment in favor of Petitioner, in accordance with the FINRA Arbitration Award dated November 18, 2020, in the total amount of $115,264.28, representing (i) the outstanding principal and interest due in the total amount of $97,500.00; (ii) plus interest from entry of award through May 3, 2021 in the amount of $3,990.64  and (iii) Petitioner's fees and expenses incurred in connection with the Arbitration in the amount of $13,773.64.

As noted in detail below, the arbitrator awarded to Petitioner the monetary relief described above. A copy of the FINRA Arbitration Award (the " Arbitration Award") is attached as Exhibit A (the "Affidavit"), submitted herewith.

## THE PARTIES

Plaintiff Coastal Equities is a corporation incorporated in the State of Ohio, with its principal place of business in Delaware.

Respondent Dudley Franklin Stephens resides at 81 Alden Court, Malverne, New York 11565-2104.

## JURISDICTION AND VENUE

This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because the parties are citizens of different states and the matter in controversy exclusive of interest, costs and attorney's fees, exceeds the sum of $75,000.00.

Venue is proper in the United States District Court for the Eastern District of New York pursuant to 28 U.S.C. §1332(a)(1) because Respondent is subject to personal jurisdiction within this judicial district and there is no other judicial district where the action may be brought.

## LAW

The Federal Arbitration Act ("FAA") governs confirmation of an award rendered in a FINRA arbitration. STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d 68, 71, 73-78 (2d Cir. 2011) (applying FAA to motion to vacate FINRA arbitration decision); Wells Fargo Advisors, LLC v. Mercer, 14 Civ. 9279, 2016 WL 110526, at 1 (S.D.N.Y. Jan. 8, 2016) (applying FAA to motion to confirm FINRA arbitration decision). An application to confirm an award is a summary proceeding. Fed. R. Civ. Pro. 81(a)(6)(B) states that the Federal Rules "to the extent applicable, govern proceedings under the following laws, except as these laws provide for other procedures. . . (B) 9 U.S.C., relating to arbitration. . . ."

Section 6 of the FAA "provide[s] for. . . procedures" other than those applicable to ordinary civil actions because it requires applications for relief under the FAA to be made and heard as motions: "Any application to the court hereunder shall be made and heard in the manner provided by law for the making and hearing of motions, except as otherwise . . . expressly provided [in the FAA]." 9 U.S.C. § 6.

The "court must grant" confirmation "unless the award is vacated, modified or corrected" under Section 10 or 11 of the FAA." 9 U.S.C. § 9

9 U.S.C. §13 of the FAA states that a judgment on award "shall have the same force and effect, in all respects, as, and be subject to all the provisions of law relating to, a judgment in an action; and it may be enforced as if it had been rendered in an action in the court in which it is

entered"); N.Y. Civ. Prac. L. & R. § 7514(a) states: "A judgment shall be entered upon the confirmation of an award."

## STATEMENT OF FACTS

1. On or about November 4, 2016, Coastal and Stephens executed a Registered Representative Agreement ("the Agreement). A true copy of the Registered Representative Agreement is annexed hereto as Exhibit A.

2. The Agreement states that fees and other out-of-pocket costs would be reimbursed by the Registered Representative to Coastal, and that he would indemnify Coastal for any and all loss arising from Stephens' negligence in sales of securities and all loss arising from any violation of the securities laws.

3. Stephens was terminated by the firm on July 20, 2018 based upon the firm's discovery that funds were wired from two customers' accounts to an unknown third-party. The firm investigated the transfers and determined that the customers' funds were transferred at Stephens' direction for his own benefit. Through counsel, the customers made demand upon the firm for damages caused by the transfers of funds, as well as for alleged unauthorized trading in their respective accounts. The firm ultimately settled both claims. The settlement amount plus all attorneys' fees and other costs incurred in connection with the matters exceed the firm's retention limit of $100,000.00 under its indemnity policy.

4. On April 16, 2020, Petitioner commenced the Arbitration with the Financial Industry Regulatory Authority ("FINRA") pursuant to the arbitration provision of the Agreement, seeking the unpaid Principal Amount, plus interest, as well as Petitioner's legal fees, costs and expenses incurred in connection with the enforcement of the Agreement.

5. Petitioner filed a Statement of Claim on or about April 30, 2020.

6.     Respondent was served with the Claim Notification letter dated May 4, 2020 by Certified and regular mail.

7.     Respondent was served with an Overdue Notice, which also included the Statement of Claim, dated June 24, 2020 by Certified and regular mail.

8.     Respondent was served with the Notification of Arbitrator dated July 17, 2020.

9.     Respondent did not submit a Statement of Answer to the Claim, nor respond to Claimant's Motion to Default the Respondent and, on November 18, 2020, an Award was entered in favor of Coastal in the total amount of $111,123.64, representing (i) the outstanding principal and interest due in the total amount of $97,500.00; and (ii) Petitioner's fees and expenses incurred in connection with the Arbitration in the amount of $13,773.64.  A true copy of the Registered Representative Agreement is annexed hereto as Exhibit B.

10.    Respondent was served a copy of the Award via correspondence dated November 19, 2020.

11.    More than thirty days have passed since the Award was entered and Respondent has not filed any motions to vacate, correct of modify the award.

12.    To date, the Award has not been satisfied.

13.    Less than one year has expired since the date of the Final Arbitration Award.

14.    No previous request for the relief sought herein has been made to this or any other Court.

## LEGAL ARGUMENT

Under the FAA, a party may move to confirm the award in a court of competent jurisdiction.  A court "must grant" confirmation "unless the award is vacated, modified or corrected under Section 10 or 11 of the FAA.  9 U.S.C. §9.  The District Court for the Second Circuit stated that "to avoid undermining the twin goal of arbitration, namely, settling disputes efficiently and avoiding long and expensive litigation, arbitral awards are subject to very limited review."  Zurich Am. Ins. Co. v. Team Tankers A.S., 811 F.3d, 584, 588 (2d Cir. 2016) "Confirmation of an arbitral award is generally a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected as prescribed in 9 U.S.C. §§ 10 and 11." Ledermann v. Kibrik, 2019 U.S. Dist. LEXIS 100898, WL 25022069 (S.D.N.Y. June 17, 2019) On or about November 4, 2016, Coastal and Stephens executed the Registered Representative Agreement ("the Agreement).  The Agreement states that fees and other out-of-pocket costs would be reimbursed by the Registered Representative to Coastal, and that he would indemnify Coastal for any and all loss arising from Stephens' negligence in sales of securities and all loss arising from any violation of the securities laws.

Stephens was terminated by the firm on July 20, 2018 based upon the firm's discovery that funds were wired from two customers' accounts to an unknown third-party. The firm investigated the transfers and determined that the customers' funds were transferred at Stephens' direction for his own benefit. Through counsel, the customers made demand upon the firm for damages caused by the transfers of funds, as well as for alleged unauthorized trading in their respective accounts. The firm ultimately settled both claims. The settlement amount plus all

attorneys' fees and other costs incurred in connection with the matters exceed the firm's retention limit of $100,000.00 under its indemnity policy.

Coastal Equities commenced a FINRA Arbitration on or about April 16, 2020 pursuant to the arbitration provision of the Agreement to recover the unpaid balance of costs and fees incurred while registered with Coastal pursuant to the Registered Representative Agreement he executed in favor of Coastal, as well as for indemnification and payment for certain settlement proceeds paid on behalf of Stephens to settle  customer complaints made against Stephens.

As is customary in the industry, Coastal will provide a newly hired financial professional with a Registered Representative Agreement ("Agreement") which is executed by the registered representative. The net effect of this document under Section 6 – Fees and other Out-of-Pocket Costs is that the financial advisor agrees to reimburse Coastal for all fees and other out-of-pocket costs incurred by Coastal to maintain the Registered Representative in good standing. Additionally, under Section 12 – Indemnification Stephens agreed to "indemnify, defend and hold harmless Coastal … from and against any and all losses, injury, claims, damages, expenses, or tax or other liabilities (including attorney's fees and expenses)("Covered Claims") which [Coastal] may incur or suffer or to which [Coastal] may become subject, arising out of, as a result of, or in connection with, any action [sic] or admission [sic] of the Indemnifying Party or his or her clients, including … the offering, promotion or sale of any security or investment contract of any kind, and any violation of Securities Laws and Regulations." The agreement further expands "Covered Claims" to include, without limitation, "legal expenses, other professionals' or consultants' fees and other out of pocket expenses reasonably incurred by or on behalf of any of the Indemnified Parties in connection with investigating, preparing to defend, defending or settling lawsuits, claims or other proceedings,

6

including formal or informal investigations by any of the Regulatory Authorities and legal or other expenses incurred in connection with depositions or other discovery proceedings." Contemporaneously, Coastal agrees to maintain the Registered Representative in good standing with the Regulatory Authorities and to comply with the Securities Laws and Regulations with respect to the Registered Representative.

Petitioner filed a Statement of Claim with FINRA on or about April 30, 2020, and Defendant was provided the Claim Notification letter dated May 4, 2020 by Certified and regular mail by FINRA. Thereafter, defendant was served by FINRA with an Overdue Notice, which also included the Statement of Claim, dated June 24, 2020 by Certified and regular mail.

Respondent was served by FINRA with the Notification of Arbitrator dated July 17, 2020. Defendant did not submit a Statement of Answer, nor otherwise appear or participate in the action, resulting in a default being entered against him.

At the conclusion of the Arbitration the Arbitrator, Denise L. Quarles, entered an Award favor of Coastal in the total amount of $111,123.64, representing (i) the outstanding principal and interest due in the total amount of $97,500.00; and (ii) Petitioner's fees and expenses incurred in connection with the Arbitration in the amount of $13,773.64. Defendant was served a copy of the Award via correspondence dated November 19, 2020.

To date, the Award has not been satisfied. More than thirty days have passed since the Award was entered and Respondent has not filed any motions to vacate, correct of modify the award.

In this case, Coastal received an Arbitration Award in their favor and against defendant Stephens. It has been more than thirty days since the Arbitration Award was issued, and neither party has moved to vacate, modify or correct the award. Therefore, plaintiff

respectfully requests an Order: (A) Confirming the Arbitration Award entered in the Arbitration;

(B) Granting judgment in favor of Petitioner, and against Respondent, in the total amount of

$115,264.28, representing (i) the outstanding principal and interest due in the total amount of

$97,500.00; (ii) plus interest from entry of award through May 3, 2021 in the amount of

$3,990.64  and (iii) Petitioner's fees and expenses incurred in connection with the Arbitration in

the amount of $13,773.64; and (C) Granting such other and further relief as the Court deems just

and proper.

A proposed form of Order for Judgment is submitted herewith.

Dated: 5 - 4. 21

Michael F.J. Romano, Esquire
Romano, Garubo & Argentieri
Address: 52 Newton Avenue,
Woodbury, NJ 08096
(856) 384-1515