UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
COASTAL EQUITIES, INC.,

                             Plaintiff,                      REPORT AND
                                                                   RECOMMENDATION
   -against-                                        21 CV 2470 (AMD)(RML)

DUDLEY FRANKLIN STEPHENS,

                             Defendant.
------------------------------------------------------------X
LEVY, United States Magistrate Judge:

        By order dated December 9, 2021, the Honorable Ann M. Donnelly, United States District Judge, referred the instant petition to confirm an arbitration award to me for report and recommendation. For the reasons explained below, I respectfully recommend that a judgment be entered confirming the arbitration award in the amount of $115,264.28.

## BACKGROUND AND FACTS

        Petitioner Coastal Equities, Inc. ("petitioner," "Coastal Equities," or "the firm"), an Ohio corporation with a principal place of business in Delaware, commenced this action pursuant to the Federal Arbitration Act, 9 U.S.C. 9, *et seq.*, to confirm the arbitration award entered in favor of Coastal Equities against respondent Dudley Franklin Stephens ("respondent" or "Stephens"). (Memorandum in Support of Coastal Equities, Inc.'s Petition to Confirm the Arbitration Award, dated May 4, 2021 ("Pet'r's Mem."), Dkt. No. 1-1, at 1.) Respondent is an individual residing in Malverne, New York. (Id.) Although properly served, respondent has not opposed the petition or otherwise appeared in this proceeding. (Id. ¶¶ 11-12; see also Affidavit of Service of Alan Feldman, sworn to Nov. 8, 2021, Dkt. No. 12.)

Stephens was engaged by Coastal Equities, a broker-dealer, as a registered representative of the firm with the authority to make solicitations, open and maintain accounts, and develop a general securities business subject to the firm's supervision. (See Registered Representative Agreement, attached as Ex. A to Pet'r's Mem., Dkt. No. 1-2, ¶ 1.) To formalize this engagement, on November 4, 2016, petitioner and respondent executed a Registered Representative Agreement (the "Agreement"), which stated that Stephens would indemnify Coastal Equities for any and all losses arising from his negligence in the sale of securities and any violations of the securities laws, and that Stephens would reimburse Coastal Equities for all fees and other out-of-pocket costs. (Pet'r's Mem. ¶¶ 1, 2; see also Registered Representative Agreement ¶¶ 1, 3, 11.) On July 20, 2018, Coastal Equities terminated Stephens upon the firm's discovery that he directed funds to be wired from two customers' accounts to an unknown third party for his own benefit. (Pet'r's Mem. ¶ 3.) Through counsel, the affected customers made a demand on Coastal Equities for damages caused by Stephens' transfer of funds and for alleged unauthorized trading in their accounts. (Id.) Petitioner settled both claims; however, the settlement amount and other costs incurred in connection with the matter exceeded petitioner's retention limit of $100,000 under its indemnity policy. (Id.; see also Registered Representative Agreement at 12, 16.)

On April 16, 2020, petitioner commenced arbitration with the Financial Industry Regulatory Authority (FINRA) pursuant to the arbitration provision of the Agreement. (Pet'r's Mem. at 1; Registered Representative Agreement at 4.) Through arbitration, petitioner sought to recover the unpaid balance of costs and fees incurred in connection with the enforcement of the Agreement, as well as indemnification and payment for certain settlement proceeds paid to settle the customers' complaints against Stephens. (Id. ¶ 4; see also id. at 6.) Petitioner filed a

Statement of Claim on or about April 30, 2020, and respondent was served with the Claim Notification letter, dated May 4, 2020, by certified and regular mail. (Id. ¶¶ 7-8.) Respondent was subsequently served by FINRA with the Notification of Arbitrator on July 17, 2020. (Id. at 7.) Respondent did not submit a Statement of Answer, participate in the arbitration action, or respond to petitioner's motion. (Id. ¶ 9.) Accordingly, an award was entered in favor of petitioner in the total amount of $111,123.64. (Id.; see also Arbitration Award, attached as Ex. B to Pet'r's Mem., Dkt. No. 1-3.) Respondent was served with a copy of the award on November 19, 2020. (Pet'r's Mem. ¶ 10; see also Letter Regarding Service of Arbitration Award, dated Oct. 3, 2022, Dkt. No. 14.)[1] To date, respondent has not filed any motions to vacate, correct, or modify the order and the award has not been satisfied. (Id. ¶¶ 11-12.) On May 4, 2021, petitioner commenced this action to confirm and enforce the arbitration award. (See Notice of Motion for Confirmation of Arbitration Award, dated May 4, 2021 ("Notice of Motion"), Dkt. No. 1.) On December 9, 2021, Judge Donnelly referred the petition to me for Report and Recommendation. (See Order, dated Dec. 9, 2021.)

## DISCUSSION

### A. Legal Standard

"The Federal Arbitration Act ('FAA') governs confirmation of an award rendered in a FINRA arbitration." Dischner v. Zachs, No. 16 CV 04191, 2016 WL 7338418, at *1 (S.D.N.Y. Dec. 19, 2016) (citing STMicroelectronics, N.V. v. Credit Suisse Secs. (USA) LLC, 648 F.3d 68, 71, 73-78 (2d Cir. 2011); Wells Fargo Advisors, LLC v. Mercer, 14 CV 9279, 2016

---

[1] On September 27, 2022, the court requested that petitioner's counsel submit proof of service of the arbitration award. (See Order, dated Sept. 27, 2022.) On October 3, 2022, petitioner's counsel filed a letter indicating that respondent was served with the award by FINRA per correspondence at his home address. (See Letter Regarding Service of Arbitration Award.)

WL 110526, at *1 (S.D.N.Y. Jan. 8, 2016)).  Under the FAA, the losing party in an arbitration proceeding has three months to move for vacatur or modification of the arbitration award following the proceeding.  See 9 U.S.C. § 12.  "When the three month limitations period has run without vacation of the arbitration award, the successful party has a right to assume the award is valid and untainted, and to obtain its confirmation in a summary proceeding."  Florasynth, Inc. v. Pickholz, 750 F.2d 171, 177 (2d Cir. 1984).  Additionally, section 9 of the FAA provides that a petition to confirm an arbitration award "may be made to the United States court in and for the district within which such award was made" and must be sought "within one year after the award is made[.]"  9 U.S.C. § 9.

Courts in this Circuit "generally use the 'Blair standard' to defer to an arbitrator's award."  Finkel v. Uptown Commc'ns & Elec., Inc., No. 20 CV 3303, 2022 WL 2467471, at *3 (E.D.N.Y. Apr. 12, 2022).  Under Blair, confirmation of an arbitration award is "a summary proceeding that merely makes what is already a final arbitration award a judgment of the court, and the court must grant the award unless the award is vacated, modified, or corrected."  D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (internal quotation marks and citation omitted).  Moreover, a respondent's failure to reply to a petition to confirm an arbitration award is treated as an unopposed motion for summary judgment.  Id.  Thus, to prevail, the moving party must show that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(a); Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004).  However, "in the context of a petition to confirm an arbitration award, the burden is not an onerous one."  Finkel v. Pomalee Elec. Co., No. 16 CV 4200, 2018 WL 1320689, at *5 (E.D.N.Y. Feb. 22, 2018) (quoting 1199/SEIU United Healthcare Workers E. v.

S. Bronx Mental Health Council Inc., No. 13 CV 2608, 2014 WL 840965, at *6 (S.D.N.Y. Mar. 4, 2014)), report and recommendation adopted, 2018 WL 1318997 (E.D.N.Y. Mar. 14, 2018).

Furthermore, "[i]t is well established that courts must grant an [arbitrator's] decision great deference." Trs. of Empire State Carpenters Annuity, Apprenticeship, Lab.-Mgmt. Coop., Pension & Welfare Funds v. HVH Enter. Corp., No. 13 CV 2769, 2014 WL 923350, at *4 (E.D.N.Y. Mar. 10, 2014) (quoting Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S, 333 F.3d 383, 388 (2d Cir. 2003) (alteration in original)). The arbitrator's rationale need not be explained and the award should be confirmed "if a ground for the arbitrator's decision can be inferred from the facts of the case." D.H. Blair, 462 F.3d at 110 (quoting Barbier v. Shearson Lehman Hutton, Inc., 984 F.2d 117, 121 (2d Cir. 1991)). Only "a barely colorable justification for the outcome reached" is necessary to confirm the award. Id.

### B. Analysis

Here, Coastal Equities' petition to confirm the arbitration award is judged according to the Blair standard, as it is an action to confirm an arbitration award that remains unopposed. Petitioner alleges a claim under the Agreement, which stipulates that covered claims include legal expenses reasonably incurred on behalf of the indemnified parties in connection with settling lawsuits, claims, or other proceedings. (Pet'r's Mem. at 6; see also Registered Representative Agreement at 9.) Petitioner asserts that the arbitration award was served by FINRA on respondent at his home address per correspondence dated November 19, 2020. (Pet'r's Mem. ¶ 10; see also Letter Regarding Service of Arbitration Award.) Therefore, the three-month limitations period for challenging the arbitration award expired on February 19, 2021. As discussed, respondent did not challenge the arbitration award before that date. (See id.

¶¶ 11-13.) Furthermore, the petition to confirm the award was filed less than a year after the award was made, on May 4, 2021. (See Notice of Motion.)

Petitioner requests confirmation of the award and damages in the total amount of $115,264.28. (See Pet'r's Mem. at 1.) At the arbitration hearing on April 16, 2020, petitioner put forth evidence of respondent's liability for the amounts owed. (See id. at 6; Arbitration Award at 6.) At the conclusion of the arbitration, the arbitrator, Denise L. Quarles, awarded petitioner a total of $111,123.64, representing: (1) the outstanding principal due in the total amount of $97,500.00; (2) interest on the principal amount due at the rate of nine percent per annum from the date of the award until payment in full;[2] and (3) petitioner's fees and expenses incurred in connection with the arbitration in the amount of $13,773.64. (See Pet'r's Mem. at 7; Arbitration Award at 6.) The arbitration award indicates that the arbitrator made her decision after considering petitioner's pleadings and submissions. (See Arbitration Award at 6.) The award further indicates that the arbitration was based on petitioner's asserted causes of action for breach of contract and indemnification related to Stephens' obligations under the Agreement. (Id. at 5; see also Pet'r's Mem. at 5-6.) Lastly, the award has not been vacated, modified, or corrected. D.H. Blair & Co., 462 F.3d at 110.

Having reviewed petitioner's submissions, as well as the award itself, I find that petitioner has met its summary judgment burden and that more than a barely colorable justification exists for the arbitration award. As respondent has failed to appear in this action— let alone raise any argument regarding vacatur, modification, or correction—and no defense is apparent from the record, confirmation is mandatory. See generally New York City Dist.

---

[2] Petitioner has requested confirmation of interest awarded by the arbitrator from the entry of the award on November 19, 2020 through May 3, 2021 in the amount of $24.04 per day multiplied by 166 days for a total of $3,990.64. (Pet'r's Mem. at 1, 8.)

Council of Carpenters v. Am. Flooring Concepts Inc., 18 CV 2657, 2018 WL 4863651, at *4 (E.D.N.Y. Sept. 7, 2018), report and recommendation adopted, 2018 WL 4861387 (E.D.N.Y. Oct. 4, 2018); New York City Dist. Council of Carpenters v. Allied Design & Constr., LLC, 17 CV 6461, 2018 WL 5077161, at *3 (E.D.N.Y. Aug. 7, 2018), report and recommendation adopted, 335 F. Supp. 3d 349 (E.D.N.Y. 2018).  Therefore, I respectfully recommend that the award be confirmed and that respondent be ordered to pay the total arbitration award amount of $115,264.28.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the petition to confirm the arbitration award be granted.  I further recommend that respondent be ordered to pay petitioner the total remaining award amount of $115,264.28, representing: (1) the outstanding principal and interest due in the total amount of $97,500.00; (2) interest from November 19, 2020 through May 3, 2021 in the amount of $24.04 per day multiplied by 166 days for a total of $3,990.64; and (3) petitioner's fees and expenses incurred in connection with the arbitration in the amount of $13,773.64.

Any objections to this report and recommendation must be filed within fourteen (14) days. Failure to file objections within the specified time waives the right to appeal the district court's order. See 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), 6(d). Petitioner is directed to serve copies of this Report and Recommendation on the respondent within three days of the date of this Report and Recommendation and to file proof of service by ECF.

                    Respectfully submitted,

                    _____/s/_____
                    ROBERT M. LEVY
                    United States Magistrate Judge

Dated: Brooklyn, New York
      October 17, 2022